Daniel MAGDALENO, Plaintiff—
Appellant,

v.

WASHINGTON COUNTY,
Defendant—Appellee.

No. 06–35319.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 3, 2008.

Filed May 5, 2008.

William Later, Steenson Schumann Tewksbury & Rose, Portland, OR, for Plaintiff–Appellant.

William G. Blair, Washington County Counsel, Hillsboro, OR, for Defendant–Appellee.

Before: FERNANDEZ and BEA, Circuit Judges, and EZRA *, District Judge.

## MEMORANDUM **

Daniel Magdaleno ("Magdaleno") appeals the district court's order granting Washington County's ("the County") motion for summary judgment. Magdaleno, a former Washington County Sheriff's Deputy, filed this action under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., alleging discrimination on the basis of his post-traumatic stress disorder ("PTSD"). The district court granted summary judgment to the County, holding there is no triable issue of fact as to whether Magdaleno is "disabled" under the ADA. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the facts are known to the parties, we revisit them only as necessary.

■ Magdaleno asserts he is "disabled" under the ADA because: (1) he has an actual disability, defined as a physical or mental impairment that "substantially limits" a major life activity, and (2) alternatively, the County "regarded" him as having a disability. See Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 193–94, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002) (citing 42 U.S.C. § 12102(2)).

First, Magdaleno asserts he has an actual disability under the ADA because his PTSD "substantially limits" his major life activity of interacting with others. To show a substantial limitation on his ability to interact with others, Magdaleno must establish his "relations with others were characterized on a regular basis by severe problems, for example, consistently high levels of hostility, social withdrawal, or failure to communicate when necessary." See McAlindin v. County of San Diego, 192 F.3d 1226, 1235 (9th Cir.1999) (citation and internal quotation marks omitted). Further, the impairment's impact must be "permanent or long term." Toyota Motor Mfg., 534 U.S. at 198, 122 S.Ct. 681 (citing 29 C.F.R. §§ 1630.2(j)(2)(ii)–(iii) (2001)).

The undisputed evidence shows Magdaleno's inability to interact with others was of limited duration and limited severity,

---

* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and was allayed by anti-depressant medication. Thus, there is no triable issue of fact as to whether Magdaleno had an actual disability under the ADA.

▮ Alternatively, Magdaleno contends the County regarded him as having an impairment that substantially limited his ability to interact with others. Under the ADA, individuals who are "regarded as having" a "physical or mental impairment that substantially limits [a] major life activit[y]" are disabled. 42 U.S.C. §§ 12102(2)(A), (C). To establish a disability under the "regarded as" prong, Magdaleno must show the County "mistakenly believe[d] that an actual, nonlimiting impairment substantially limit[ed]" Magdaleno's ability to interact with others. *See Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999).

The undisputed evidence shows the County did not regard Magdaleno as substantially limited in his ability to interact with others. That the County was aware of Magdaleno's PTSD diagnosis, required him to submit to a psychological evaluation, and took steps to accommodate his PTSD, is insufficient to create a triable issue of fact on the "regarded as" prong. *See Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 798 (9th Cir.2001) ("[W]hen an employer takes steps to accommodate an employee's restrictions, it is not thereby conceding that the employee is disabled under the ADA or that it regards the employee as disabled."); *Cody v. CIGNA Healthcare of St. Louis, Inc.*, 139 F.3d 595, 599 (8th Cir.1998) ("A request for an evaluation is not equivalent to treatment of the employee as though she were substantially impaired."). Thus, there is no triable issue of fact as to whether the County regarded Magdaleno as having a disability.

Accordingly, we affirm the district court's order granting summary judgment to Washington County.

**AFFIRMED.**